**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: March 17 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 12-32866 |
| Jeffrey Allen Williams, | Chapter 7 |
| Debtor. | Adv. Pro. No. 12-3182 |
| Bruce Comly French, Trustee, | Hon. Mary Ann Whipple |
| Plaintiff, | |
| v. | |
| Jeffrey Allen Williams, | |
| Defendant. | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Judgment on the Pleadings ("Motion"). [Doc. # 28]. Plaintiff is the Chapter 7 Trustee and Defendant, proceeding pro se, is the debtor in the underlying Chapter 7 case, Case No. 12-32866. In his Complaint [Doc. # 1] and his Supplemental Complaint [Doc. # 21], Plaintiff seeks an order denying Defendant a Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

**BACKGROUND**

In his Complaint, Plaintiff alleges that, after receiving proper notice, Defendant failed to appear for a § 341 meeting of creditors scheduled to take place on August 7, 2012. [Doc. # 1, ¶6]. He further alleges that the meeting of creditors was rescheduled for September 25, 2012, and that Plaintiff again, after receiving proper notice, failed to appear. [*Id.* at ¶¶ 7-8]. Defendant filed an answer admitting that he had not attended the August 7 and September 25 meetings of creditors and setting forth his reasons for not doing so. [Doc. # 9]. Pursuant to discussions at a pre-trial conference held on December 13, 2012, at which Defendant appeared in person on a *pro se* basis, the court entered an order requiring Defendant to appear at a rescheduled meeting of creditors on February 5, 2013. [*See* Doc. # 10; Case No. 12-32866, Doc. # 32].[1] Notice of the court's order was sent by regular mail to the address provided by Debtor on his bankruptcy petition. [ Case No. 12-32866, Doc. # 33]. Although the court notes that mail sent to that address has been returned to the court as undeliverable, Defendant nevertheless attended the February 5 meeting and the meeting was adjourned and continued until February 26, 2013. [*See* Case No. 12-32866, Doc. # 34].

In his Supplemental Complaint, Plaintiff alleges that Defendant attended the meeting of creditors on February 26, 2013, and that the February 26 meeting was then continued to April 2, 2013. [Doc. # 21, ¶¶ 9-10]. Plaintiff further alleges that Defendant "failed to attend the April 2, 2013, § 341 meeting despite having notice and without giving notice to the Trustee/Plaintiff." [*Id.* at ¶ 11]. The Supplemental Complaint was filed with leave of court after a further pretrial conference held by the court at Plaintiff's request on June 6, 2013. [*See* Doc. ## 17 & 19]. The Supplemental Complaint was mailed to the address provided by Debtor on his bankruptcy petition. [Doc. # 21, p. 4]. Defendant has not filed an answer to the Supplemental Complaint.

## LAW AND ANALYSIS

### I. Judgment on the Pleadings Standard

For purposes of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be

---

[1] The court takes judicial notice of the contents of its case docket in this proceeding and in Defendant's underlying bankruptcy case. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *see New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (abrogated on other grounds, *Merck & Co. v. Reynolds*, 130 S.Ct. 1784 (2010), and stating that "[a] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice").

granted only if the moving party is nevertheless clearly entitled to judgment.'" *Coyer v. HSBC Mortgage Servs, Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012) (citation omitted). A Rule 12(c) motion for judgment on the pleadings is granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 1108.

Although Defendant filed an answer to Plaintiff's original complaint, he did not file an answer to the Supplemental Complaint. Thus, the court must "accept the new factual allegations in the Supplemental Complaint as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. 11 U.S.C. § 727(a)(6)(A)

Under 11 U.S.C. § 727, an individual debtor is entitled to a discharge unless one of the enumerated exceptions to discharge specified in that section is established. The party objecting to the discharge has the burden of proving by a preponderance of the evidence that an exception applies. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000). Plaintiff objects to Defendant's Chapter 7 discharge pursuant to § 727(a)(6)(A), which provides that a debtor who "has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify" must be denied a discharge in bankruptcy. The word "refused" requires something more than a mere failure to comply with a court order. *Yoppolo v. Freeman (In re Freeman)*, 293 B.R. 413, 415 (Bankr. N.D. Ohio 2002). Courts have determined that the showing necessary to deny a debtor a discharge for refusing to obey an order is the same as that for determining whether to hold a party liable for civil contempt. *Id.*; *Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 747 (Bankr. S.D. Ohio 2001); *United States v. Richardson (In re Richardson)*, 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988). In a civil contempt proceeding, three elements must be established by clear and convincing evidence: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)). Although the first element of civil contempt is satisfied in this proceeding, neither the second nor the third elements are satisfied by the pleadings.

With respect to the first element, actual knowledge of a court order is not an absolute prerequisite to hold a party liable for civil contempt. *Yoppolo v. Walter (In re Walter),* 265 B.R. 753, 759 (Bankr. N.D. Ohio 2001). Rather, constructive knowledge of a court order is sufficient "when that party had the

3

opportunity to know of a court order, but simply chose not to gain actual knowledge of the order." *Id.* at 760 (citing *Utah State Credit Union v. Skinner (In re Skinner)*, 90 B.R. 470, 479 (D. Utah 1988)). As explained in *Walter*, "[s]uch a principle is absolutely necessary as our entire judicial system would become unworkable if any person wishing to ignore an order of a court could simply claim that, although they had the opportunity to see the order, they chose not to." *Id.*

In this case, the court finds that Defendant was properly served with, and had at least constructive knowledge of, both the Supplemental Complaint and the court's order requiring Defendant to appear at the rescheduled meeting of creditors on February 5, 2013. The court notes that the court's mailings to Defendant in this adversary proceeding and in the underlying Chapter 7 case, which have been sent to Debtor's address as stated in his petition, have been returned as undeliverable. However, service on Defendant is not thereby ineffective or invalidated. Debtors are required under Bankruptcy Rule 4002 to file a statement of any change of address. Fed. R. Bankr. P. 4002(a)(5). Defendant has not designated any other address other than the one in the petition. However, a debtor cannot avoid the consequences of failing to obey a court order or failing to answer an adversary complaint by simply changing his address after filing his petition and then not informing the court of such change as required by Rule 4002. Service is still valid notwithstanding the returned mail in both the adversary proceeding and in the underlying case as in compliance with the applicable rules. *See Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299-300 (7th Cir. 2000).

Nevertheless, the court finds that the pleadings do not satisfy the second and third elements of civil contempt – that Defendant violated a specific and definite order of the court. The court's December 14, 2012, order required Defendant "to appear at a rescheduled meeting of creditors to be held on February 5, 2013, at 11:45 a.m. . . . ."[2] [Doc. # 32, p. 2]. While the court's order is specific and definite to the extent it required Defendant to appear at the February 5 meeting of creditors, it is not specific and definite as to his appearance at any continued meeting of creditors after the February 5 meeting. Debtor did, in fact, appear at the February 5 meeting of creditors as ordered. His failure to appear at the second continued meeting scheduled on April 2, 2013, by Plaintiff, was not in violation of a specific and definite order of the court.

---

[2] The court notes that the pleadings do not include an allegation that the court entered an order requiring Defendant to appear at the February 5, 2013, meeting of creditors. Nevertheless, as indicated earlier in this opinion, the court takes judicial notice of the contents of its case docket in this proceeding. *See* Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Doc. # 28] be, and hereby is, **DENIED,** and

**IT IS FURTHER ORDERED** that this matter is schedule for further pretrial conference on **April 17, 2014, at 1:30 p.m.**

###